# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Evgenii Ivanov,<br><br>                      Petitioner,<br><br>v.<br><br>David R. Rivas, et al.,<br><br>                      Respondents. | No. CV-25-04160-PHX-SHD (ASB)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE SHARAD H. DESAI, UNITED STATES DISTRICT JUDGE:**

Pending before the Court is Petitioner Evgenii Ivanov's pro se Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. (Doc. 13)[1], filed April 20, 2026. Petitioner is detained at San Luis Regional Detention Center and seeks release from immigration detention pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id.*) For the reasons that follow, the undersigned recommends the Amended Petition for Writ of Habeas Corpus be denied and dismissed.

## I.   PROCEDURAL HISTORY AND BACKGROUND

Petitioner is a citizen of Russia who entered the United States on October 7, 2018. (Docs. 1 at 2; 10 at 1.) Petitioner was ordered removed on January 22, 2020 "by an Imigration [*sic*] Judge." (Doc. 1 at 2); (*see also* Doc. 10-1 at ¶ 4.) Following an appeal, Petitioner's Final Removal Order issued on May 21, 2021. (Docs. 1 at 2; 10-1 at ¶ 9.)

---

[1]     Citation to the record indicates documents as they are displayed in the District of Arizona's official Court electronic document filing system under Case No. CV-25-04160-PHX-SHD (ASB).

Petitioner has been in the custody of Immigration and Customs Enforcement ("ICE") since January 26, 2025. (Docs. 1 at 2; 10-1 at ¶ 10.)  In his Petition, Petitioner argues that his continued detention violates the Due Process Clause of the Fifth Amendment to the U.S. Constitution because he has been held over six months and "there is no significant likelihood that he will be removed in the reasonabl[y] forseeable [*sic*] future." (Doc. 1 at 2 (quoting *Zadvydas,* 533 U.S. at 701).)

Respondents, David R. Rivas, Warden of the San Luis Regional Detention Center, and Pamela Bondi, Attorney General of the United States (collectively, "Respondents")[2] filed a "Response in Opposition to Motion for Temporary Restraining Order and Preliminary Injunction"[3] on December 15, 2025. (Doc. 10.) In their Response, Respondents included a Declaration from ICE Deportation Officer Jorge E. Hernandez (hereinafter, "Declaration"). (Doc. 10-1 at 1-4.) The Declaration reflected that Petitioner was previously in ICE custody and granted parole on May 6, 2020 in the Alternatives to Detention (ATD) program because of the COVID-19 pandemic. (Doc. 10-1 at ¶ 5.)  According to the Declaration, Petitioner was terminated from the ATD program on December 10, 2020 after being detained in San Diego Central Jail due to a domestic violence charge. (*Id.* at ¶ 6.) The Declaration stated Petitioner was re-enrolled in ATD on December 18, 2020 after his release from county jail and the charges were thereafter dropped. (*Id.* at ¶¶ 7-8.) Finally, as stated in the Declaration, Petitioner was arrested on January 26, 2025 by Enforcement and Removal Operations (ERO) and terminated from the ATD program. (*Id.* at ¶ 10.)

According to the Declaration, on May 13, 2025 Petitioner was booked for an interview "and to fill out Form I-217, Information for Travel Document or Passport and the travel document request (entitled Questionnaire) which consists of information required by the Russian Federation to verify citizenship. Petitioner refused to fill out the I-217 or provide information for the travel document request[.]" (Doc. 10-1 at ¶ 15.) The

---

[2]    Petitioner initially named ICE in addition to the aforementioned Respondents. (Doc. 1.) ICE was dismissed as a Respondent pursuant to this Court's Order on November 19, 2025. (*See* Doc. 3.)

[3]    Although the Response was styled as one responding to a motion for temporary restraining order and preliminary injunction, the record shows the Petitioner filed only a Petition pursuant to § 2241, not a motion for temporary restraining order or preliminary injunction. (*See* Docs. 1, 10.)

Declaration asserted that on three additional occasions from August 2025 to October 2025, Petitioner was asked and refused to provide information or assist in obtaining travel documents. (*See id.* at ¶¶ 17-21.) After the final refusal, according to the Declaration, Officer Hernandez served Petitioner with a Form I-229(a) – Warning for Failure to Depart and a Notice of Failure to Comply. (*Id.* at ¶¶ 21-22.) The Declaration also attested to steps taken by ICE to secure travel documents for Petitioner, including compiling a Travel Document Request (TDR) packet to send to the Embassy of Russian Federation for citizenship verification. (*Id.* at ¶¶ 23-27.) The Declaration then outlined the subsequent steps the Department of Homeland Security ("DHS") would take to effectuate Petitioner's removal to Russia, and asserts that if a travel document is refused by the Russian Federation, "[Enforcement and Removal Operations] will work with DHS and the U.S. Department of State to coordinate a Third Country Removal." (*Id.* at ¶¶ 27-29.)

On February 19, 2026, undersigned issued a Report and Recommendation recommending the Petition be denied and dismissed without prejudice. (Doc. 11.) Underpinning that recommendation was undersigned's conclusion that Petitioner had failed to meet his burden to show good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. (*Id.* at 6) (citing *Zadvydas*, 533 U.S. at 701). Although leave to amend was not requested, undersigned recommended that leave be afforded to Petitioner. (*Id.* at 8.)

On March 23, 2026, the District Judge adopted the Report and Recommendation and dismissed and denied the Petition without prejudice, and with leave to amend. (Doc. 12.) The District Judge ordered that Petitioner could file an Amended Petition within 30 days and that, "[i]f the Amended Petition fails to cure the defects identified in the Report and Recommendation of the Magistrate Judge (Doc. 11), … the Court may dismiss without further leave to amend." (*Id.* at 2.)

On April 20, 2026, Petitioner's Amended Petition was filed. (Doc. 13.) In his Amended Petition, Petitioner repeats verbatim every sentence of his original Petition, with a change in the amount of time he has been in detention, and he approximately four new

sentences to the original Petition's language.  (*See id.*)  Specifically, he adds the following:

> [Petitioner] is cooperating with ICE officers and is providing all necessary information.  Previously, as shown in Exhibit A, the government has previously made multiple attempts to secure travel documents and effectuate removal, but those efforts have been unsuccessful, demonstrating that removal is not reasonably foreseeable.[]  No changes have occurred since he began cooperating, either.  He has been held in detention for one year and two months – a significant period of time-and there are currently no indications that his deportation will take place in the near future.

(Doc. 13 at 2.)  To his Amended Petition, Petitioner attaches many of the same documents he previously provided with his original Petition.  (*See id.* at 13-20.)  He also attaches "Exhibit A," which consists of pages 3 and 4 of undersigned's prior Report and Recommendation.  (*Id.* at 11-12.)  Finally, he attaches two ICE documents entitled "Notice to Alien of File Custody Review" that are dated March 2026, in which ICE purportedly informs Petitioner his custody status will be reviewed in March 2026 and he should provide ICE with information and documents that will assist in his removal.  (*See id.* at 5-10.)

For the reasons below, undersigned concludes the Amended Petition fails to meet the standard set by the District Judge in the prior dismissal Order.  Accordingly, undersigned will recommend the Amended Petition be dismissed.

## II.   STANDARD OF REVIEW

The standard of review has not changed since undersigned issued her previous Report and Recommendation in this case; it is repeated here.

"The writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). Writ of habeas corpus relief extends to a person in federal custody if the petitioner can demonstrate he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3). Accordingly, federal courts have jurisdiction to grant writs of habeas corpus to noncitizens who are being unlawfully detained under 28 U.S.C. § 2241. *See Trinidad y Garcia v. Thomas*, 683 F.3d 952, 956 (9th Cir. 2012) ("The writ of habeas corpus historically provides a remedy to non-citizens

challenging executive detention.") (citing *INS v. St. Cyr*, 533 U.S. 289, 301-303 (2001)); *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of the removal order") (citation omitted).

Under 8 U.S.C. § 1231(a)(1), once a removal order becomes final, the Government has ninety days to effectuate the individual's removal from the United States. This "removal period" generally commences as soon as a removal order becomes administratively final, and during the "removal period" detention of the alien is mandatory. 8 U.S.C. §§ 1231(a)(1)-(2). If an individual is not removed during the removal period, the individual's continued detention becomes discretionary. 8 U.S.C. § 1231(a)(6). However, that discretion is not unfettered, and "indefinite detention" is not permitted. *See* 8 U.S.C. § 1231(a)(6); *Zadvydas,* 533 U.S. at 689. The Supreme Court in *Zadvydas* recognized a six-month period where detention was "presumptively reasonable." 533 U.S. at 701. After this six-month period, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* The presumption, however, is not dispositive. *Id.* ("This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021) (after the six-month period has elapsed, "if the alien 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the Government must either rebut that showing or release the alien") (quoting *Zadvydas,* 533 U.S. at 701).

Courts have found that a petitioner may meet his burden of persuasion by alleging that his country of removal has refused or is unable to issue a travel document. *See, e.g., Eshaghian v. Howard,* No. CV-25-04141-PHX-DWL (ASB), 2026 WL 63451, at *3 (D. Ariz. Jan. 8, 2026) (finding petitioner met his initial burden by proffering unrebutted

evidence that he lacks original documents, such as a birth certificate or passport, sufficient to obtain travel documents from his country of removal); *Vaskanyan v. Janecka*, No. 25-CV-01475-MRA-AS, 2025 WL 3050081, at *5 (C.D. Cal. July 18, 2025) (finding petitioner demonstrated that ICE was unable to remove him to the countries designated for removal and thus that petitioner met his burden); *Mohammad Hadi Hezardastan v. Kristi Noem et. al.*, No. 25-CV-3424-AB-DTB, 2025 WL 3768581, at *2 (C.D. Cal. Dec. 23, 2025) (holding petitioner who had only been held for four months rebutted the presumption of reasonableness because he could not be deported to the last country he resided or the country he was a citizen of). Courts in the Ninth Circuit have found that a petitioner fails to meet this burden when a petitioner foreseeably remains capable of being removed or fails to allege sufficient facts that indicate removal is not feasible. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1065 (9th Cir. 2008) ("[Petitioner] foreseeably remains *capable* of being removed . . . and so the government retains an interest in 'assuring [his] presence at removal.'" (emphasis in original)) (quoting *Zadvydas,* 533 U.S. at 699); *Loussaief v. Wolf*, No. CV-21-00042-PHX-JAT-MHB, 2021 WL 214572, at *2 (D. Ariz. Jan. 21, 2021) (finding petitioner did not allege sufficient facts to support that his country of removal refused to issue travel documents or otherwise indicate his removal is not feasible).

## III.   DISCUSSION

Based on the record before this Court, Petitioner has now been in detention for far longer than the mandatory ninety-day removal period and the six-month presumptive detention period. *See Zadvydas,* 533 U.S. at 689. Petitioner received his Final Removal Order on May 21, 2021, but due to the ATD program, was not placed in custody until January 26, 2025. (*See* Doc. 10-1 at ¶¶ 5-10.)  Petitioner has now spent over a year in DHS custody. (*See* Docs. 1, 10, 13.) Because Petitioner has been detained with a final removal order for over the presumptive six-month period, the initial burden falls on Petitioner to provide good reason to believe that there is no "significant likelihood of removal in the reasonably foreseeable future." *Zadvydas,* 533 U.S. at 689.

In his Amended Petition, Petitioner again asserts that his "continued detention in

immigration custody violates the Due Process Clause of the Fifth [Amendment] to the U.S. Constitution because there is no significant likelihood that he will be removed in the [reasonably] forseeable [*sic*] future." (Doc. 13 at 2.) Petitioner further claims that "his detention has deviated from the main purpose of removal" and he is being illegally detained. (*Id.* at 3.) Petitioner again supports his Amended Petition with character references from his pastor, family, and landlord, and he further provides the Court with ICE documents notifying him that his custody is being reviewed and requesting information and documents to assist with his removal. (*See id.* at 5-20.)

Respondents previously argued (in Response to the original Petition) that Petitioner had not met his burden and had refused to provide information to ICE necessary to effectuate his removal. (Doc. 10.) Thus, it appears Petitioner attempts in the Amended Petition to refute that argument by averring that he has been "cooperating" and still has not been removed. (*See* Doc. 13 at 2.) He provides no further information to support that bare assertion. (*See id.*) Instead, he provides the Court with a copy of ICE documents asking him for that information and documentation (but no indication of any cooperation in response to those requests) and this Court's own Report and Recommendation, in which the Court summarized Respondents' assertions that Petitioner had not cooperated with removal efforts in 2025. (*See id.* at 5-12.)

Based on review of the record, undersigned again finds Petitioner has failed to meet his initial burden to provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas,* 533 U.S. at 701. Petitioner has not alleged any facts that indicate his removal is not feasible. (*See* Doc. 13); *see Loussaief,* 2021 WL 214572, at *2. In short, Petitioner has done little in his Amended Petition but allege he has "cooperated" but been detained longer than the presumptive period and therefore his detention is unlawful. (*See* Doc. 13.) Without any factual support for Petitioner's bare assertions, though, the record indicates Petitioner foreseeably remains capable of being removed in the future. *See Prieto-Romero*, 534 F.3d at 1065; *cf., e.g., Eshaghian,* 2026 WL 63451, at *3 (where petitioner met his burden in part because he pled

he lacked the original personal documents sufficient to satisfy the country of removal in order to obtain travel documents).

Because Petitioner's Amended Petition has "fail[ed] to cure the defects identified in the Report and Recommendation of the Magistrate Judge (Doc. 11)," (Doc. 12 at 2), undersigned will recommend that the District Judge deny and dismiss the Amended Petition. Petitioner has not asked for further leave to amend. (*See* Doc. 13.) Even without that request, the Court may consider whether "justice so requires" leave to amend. *See* Fed. R. Civ. P. 15(a); *see also Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.,* 911 F.2d 242, 247 (9th Cir. 1990) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (applying in a 12(b)(6) context)) (citations omitted). Although "a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted," *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (citations omitted), futility of amendment may result in the Court denying further leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). At this juncture, it appears further amendment may be futile, but undersigned will defer to the District Judge on that issue.

## IV. CONCLUSION

Petitioner has been afforded the opportunity to amend his Petition, and he has failed to remedy the defects identified in the prior Report and Recommendation. Consequently, undersigned will recommend the Amended Petition be denied and dismissed. Undersigned defers to the District Judge as to whether to dismiss with prejudice, or to dismiss without prejudice and with leave to amend.

## RECOMMENDATION

Based on the foregoing,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 13) be **DENIED** and **DISMISSED.**

## EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 22nd day of April, 2026.

Honorable Alison S. Bachus
United States Magistrate Judge